IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Clarence J. Holloway, )
    Petitioner, )
)
v. ) 1:12cv833 (AJT/JFA)
)
Eddie Pearson, )
    Respondent. )

## MEMORANDUM OPINION

Clarence J. Holloway, a Virginia inmate filing pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction of first degree murder in the Circuit Court for the City of Hampton, Virginia. On November 8, 2012, respondent filed a Rule 5 Answer and Motion to Dismiss with a supporting memorandum of law and exhibits. Respondent provided petitioner with the notice required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7(K), and petitioner has filed a reply. For the following reasons, the Motion to Dismiss will be denied, and respondent must submit within thirty (30) days a supplemental response addressing the merits of petitioner's claims.

### I. Facts

On September 25, 2008, following a jury trial, petitioner was convicted of first-degree murder. On November 18, 2008, he was sentenced to thirty years in prison. Circuit Court of the City of Hampton, Case No. 07-904-00. On December 17, 2008, petitioner noticed an appeal to the Virginia Court of Appeals. On March 11, 2009, petitioner wrote a letter to the Court of Appeals asking about the status of his case. The Court of Appeals responded, stating that it had received the notice of appeal and had received the trial court record on February 20, 2009, from

which petitioner's counsel would have forty (40) days to file a petition for appeal. The Court of Appeals also sent a copy of its letter to counsel for petitioner.

On March 31, 2009, the Court of Appeals granted counsel's request for an extension to file the petition for appeal. It also sent a copy of the order to petitioner. Counsel for petitioner filed the petition for appeal on April 13, 2009.

On April 21, 2009, petitioner sent another letter to the Court of Appeals requesting the status of his case. The Court of Appeals responded on April 24, 2009 and told petitioner that the petition for appeal had been filed and that the opposition was not yet due.

The opposition was filed on May 20, 2009, and the Court of Appeals affirmed the conviction on July 15, 2009. R. No. 376-09-01.

About eight (8) months later, on January 17, 2010, petitioner sent a letter to the Court of Appeals requesting information about how to file a motion to withdraw counsel. He sent another letter on February 21, 2010 asking if a petition for an appeal had been filed on his behalf. The Court of Appeals responded by letter dated March 24, 2010 stating that it had denied his case on July 15, 2009, that it did not have any record of receiving a three-judge panel demand or an appeal to the Supreme Court of Virginia, and that the time to file either had expired.

On March 25, 2010, petitioner sent a letter to the Court of Appeals expressing that he did not know that his direct appeal had concluded and that the time had expired to appeal to the Supreme Court of Virginia. It appears that the Court of Appeals did not respond to this letter.

Sometime in April 2010, petitioner filed a complaint against his trial attorney, Stephen Weisbrod, with the Virginia State Bar, which notified petitioner's attorney of the complaint on May 6, 2010. By letter dated July 12, 2010 to the Virginia State Bar, Mr. Weisbrod "inform[ed] the bar [sic] of changes that I have made to prevent the mistake that I made from ever happening

again. It is truly my fault that the appeal to the Supreme Court did not get timely noted . . . ."

Mr. Weisbrod offered to assist petitioner in filing his petition for writ of habeas corpus with the Supreme Court of Virginia.

> On September 23, 2010, Mr. Weisbrod sent petitioner the following letter:
>
> I just recently returned from an extended out of town trip due to a death in the family. I have just about completed your habeas corpus petition to file in the Supreme court [sic]. Look for it in the next 2 weeks. Sorry for the delay but it could not be helped. Once we file it will take several months to go through the process and get your belated appeal. I will keep you advised.

The next correspondence petitioner includes with the instant petition is a letter from Mr. Weisbrod to petitioner dated February 18, 2011, which states:

> I understand that you did not forward the last Petition for Writ of Habeas Corpus to the Virginia Supreme Court. It has come to my attention that you thought that you sent me an original of the Petition for Writ of Habeas Corpus for me to file with the Supreme Court. The one that you sent me does not have a raised notary stamp that an original would have. I think that what you sent me was a copy. To avoid the chance that the Court would not take this copy, I am sending you another blank for you to sign and send.
>
> YOU MUST SEND IT TO THE SUPREME COURT since I cannot do that for you. . . . Please let me know that you have sent it to the Supreme Court and then I can monitor its progress. I am also enclosing a copy of my first letter which had that instruction on it. I sorry [sic] that you may have misunderstood and hope this time the Petition will reach the correct place.

On February 25, 2011, petitioner filed the petition for writ of habeas corpus in the Supreme Court of Virginia, which dismissed the petition as untimely on April 27, 2011. R. No. 110343. Petitioner filed a petition for rehearing, which was denied on September 21, 2011. Id.

It appears that petitioner filed a second complaint with the Virginia State Bar concerning Mr. Weisbrod's failure to timely file his state habeas petition. On December 8, 2011, the Virginia State Bar again found that Mr. Weisbrod had violated the Rules of Professional Conduct concerning competence and diligence.

3

Petitioner filed a second petition for writ of habeas corpus with the Supreme Court of Virginia on February 21, 2012, which was dismissed as successive and untimely on April 24, 2012. R. No. 120400.

On July 16, 2012, petitioner filed this federal petition for relief under § 2254, alleging that he was denied his right to appeal from the Court of Appeals of Virginia to the Supreme Court of Virginia due to ineffective assistance of counsel. This claim has been exhausted.

## II. The Petition is Time-Barred

A petition for a writ of habeas corpus must be dismissed if filed later than one year after (1) the judgment becomes final; (2) any state-created impediment to filing a petition is removed; (3) the United States Supreme Court recognizes the constitutional right asserted; or (4) the factual predicate of the claim could have been discovered with due diligence. 28 U.S.C. § 2244(d)(1)(A)–(D). In the instant case, petitioner's convictions were affirmed by the Court of Appeals of Virginia on July 15, 2009. Because that judgment was not appealed to the Supreme Court of Virginia, the convictions became final on August 15, 2009, when the thirty-day appeal period expired. See Va. Sup. Ct. R. 5A:6(a).

In calculating the AEDPA limitations period, the Court generally must exclude the time during which state collateral proceedings pursued by a petitioner were pending. See 28 U.S.C. § 2244(d)(2); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (determining that the definition of "properly filed" state collateral proceedings, as required by § 2244(d)(2), is based on the applicable state law as interpreted by state courts). Here, however, petitioner did not commence his first post-conviction proceeding until February 25, 2011, when he filed petition for writ of habeas corpus in the Supreme Court of Virginia. Since by then about eighteen (18) months had elapsed since the convictions became final, the pendency of a state action could no longer toll the

limitations period. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) (holding that a state post-conviction motion filed after expiration of the limitations period cannot toll the period, because there is no period remaining to be tolled); Rashid v. Khulmann, 991 F.Supp. 254, 259 (S.D.N.Y. 1998) ("Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations."). Moreover, after the Supreme Court of Virginia denied petitioner's second habeas petition on April 24, 2012, another two and half months passed before this federal petition was filed on July 16, 2012. Since approximately twenty-one (21) months of untolled time elapsed from the date the convictions at issue became final until this federal proceeding was filed, this petition is untimely.

### III. Petitioner is Entitled to Equitable Tolling

In petitioner's Brief in Opposition to Respondent's Motion to Dismiss, he argues that the untimeliness of the petition was caused when Mr. Weisbrod abandoned him during direct appeal, and therefore should be excused. While petitioner does not use the term, in effect he argues that the limitations period should be equitably tolled. The United States Supreme Court has established that equitable tolling is applicable to the § 2244(d)(2) limitations period. See Holland v. Florida, ___ U.S. ___, 130 S. Ct. 2549 (2010) ("Now, like all 11 Courts of Appeals that have considered the question, we hold that § 2244 (d) is subject to equitable tolling in appropriate cases."). It has been settled in this circuit for some time that § 2244(d) may be subject to equitable doctrines such as tolling under very limited circumstances. See Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003); Harris v. Hutchinson, 209 F.3d 325, 328-29 (4th Cir.

2000). Importantly, however, as the Fourth Circuit Court of Appeals has warned, invocations of equity

> to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individual hardship supplant the rules of clearly drafted statutes . . . . We believe, therefore, that any resort to equity must be reserved for those rare instances where - due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

Rouse, 339 F.3d at 246. For equitable tolling to apply, therefore, a petitioner must establish that (1) extraordinary circumstances, (2) beyond his control and external to his own conduct (3) prevented him from filing on time. Id. On the other hand, it is settled that a petitioner's own lack of diligence in pursuing his federal remedy generally acts to negate the application of equitable tolling. See Spencer v. Sutton, 239 F.3d 626, 630 (4th Cir. 2001).

When viewed in the context of the above-stated sequence of events, petitioner's claim of entitlement to equitable tolling is persuasive. It has long been held in this and other circuits that error by counsel is an insufficient justification for the application of equitable tolling. See Rouse, 339 F.3d at 248 (quoting Beery v. Ault, 312 F.3d 948, 951 (8th Cir. 2002) for the proposition that "[i]neffective assistance of counsel generally does not warrant equitable tolling"); see also, Harris, 209 F.3d at 330-31; Broadnax v. Angelone, No. 2:02cv158, 2002 WL 32392670, at * 1 (E.D.Va. Sept. 19, 2002) ("[Petitioner's] failure to direct his attorney to file an appeal for him does not give him a basis upon which he may come into federal court after the statute of limitations has run . . . [and] [a]ssuming, arguendo, that petitioner's attorney had erroneously advised him in connection with his collateral appeal, that failure would be insufficient to warrant equitable tolling of a statute of limitations.").

In a concurring opinion in Holland, Justice Alito noted that the Court's prior cases make it "abundantly clear" that attorney negligence, even gross attorney negligence, is an insufficiently

6

extraordinary circumstance to warrant equitable tolling. 130 S. Ct. at 2566, citing Lawrence v. Florida, 549 U.S. 327 (2007); Coleman v. Thompson, 501 U.S. 722 (1991).

On the other hand, "the AEDPA statute of limitations may be tolled if the missed deadline results from attorney misconduct that is not constructively attributable to the petitioner." Id. at 2568. Noting that counsel's near-total failure to communicate with Holland essentially had amounted to Holland's "abandonment" by counsel, Justice Alito concluded that "[i]f true, petitioner's allegations would suffice to establish extraordinary circumstances beyond his control. Common sense dictates that a litigant cannot be held constructively responsible for the conduct of an attorney who is not operating as his agent in any meaningful sense of that word." Id. at 2568.

The attorney abandonment exception to the general rule identified by Justice Alito in Holland applies in this case. As noted above, the deadline for a timely appeal of the Court of Appeals' decision to the Supreme Court of Virginia was August 15, 2009. Mr. Weisbrod missed that deadline, and petitioner's exhibits demonstrate that he was not aware that the appeal had not been filed while time remained for him to secure a delayed appeal. In Virginia, a motion for a delayed appeal in a criminal case is permitted to be filed with the Supreme Court of Virginia up to the later of six months after the appeal has been dismissed or the Court of Appeals' judgment sought to be appealed has become final. Va. Code Ann. § 19.2-321.2. Since the Court of Appeals' judgment became final in this case on August 15, 2009, a belated appeal could have been secured pursuant to that provision until February 15, 2010. In addition, a Virginia defendant can seek a delayed appeal in a petition for a writ of habeas corpus pursuant to Virginia Code § 8.01-654(A)(2), which provides in relevant part:

> A habeas corpus petition attacking a criminal conviction or sentence . . . shall be filed within two years from the date of final judgment in the trial court or within one year from either final disposition of the direct appeal in state court or the time for filing such appeal in state court has expired, whichever is later.

7

Under this provision, petitioner could have filed a timely request for a delayed appeal until August 15, 2010, one year after the final disposition of his direct appeal.

Petitioner's exhibits reveal that, on February 15, 2009, he did not know that an appeal to the Supreme Court of Virginia had not been filed. In his letters to the Virginia Court of Appeals dated January 17 and February 21, 2010, petitioner requested information on how to file a motion to withdraw Mr. Weisbrod as his counsel; therefore, it is clear that he thought Mr. Weisbrod was still representing him and assisting in his appeals. Petitioner did not know until the Virginia Court of Appeals notified him on March 24, 2010 that Mr. Weisbrod had not perfected an appeal to the Supreme Court of Virginia. The time for petitioner to move for a delayed appeal pursuant to Va. Code Ann. § 19.2-321.2 by then had expired.

Petitioner could have sought a delayed appeal through a habeas corpus petition until August 15, 2010; however, it clear that he thought Mr. Weisbrod would assist him. The July 12 2010 letter from Mr. Weisbrod sent to the Virginia Bar Association, of which petitioner received a copy, indicated that Mr. Weisbrod would assist petitioner with the state habeas petition. It appears that the next correspondence petitioner received from Mr. Weisbrod, in which Mr. Weisbrod mentioned that he has been on an "extended out of town trip," is dated September 23, 2010. By that date, the time in which petitioner could have sought a delayed appeal through a habeas petition had also expired.

Like the situation described by Justice Alito in Holland, the circumstances giving rise to the untimeliness of this petition were not within petitioner's control. Additionally, it is clear that petitioner was diligent in pursuing his federal remedy. Consequently, equitable tolling applies, Spencer, 239 F.3d at 630, and the petition is not time-barred.

## IV. The Petition is Not Procedurally Defaulted

Respondent also contends that the petition is barred because of the Supreme Court of Virginia's finding of procedural default. However, in Martinez v. Ryan, 566 U.S. __, 132 S. Ct. 1309 (2012), the Supreme Court held that, where state law provides that a claim of ineffective assistance of trial counsel must be presented in an initial-review collateral proceeding, a substantial claim of ineffective assistance is not procedurally barred from federal review if there was no counsel or ineffective counsel at the initial-review collateral proceeding. The Court expressly recognized that "[w]hen faced with the question whether there is cause for an apparent default, a State may answer that the ineffective-assistance-of-trial-counsel claim is insubstantial, i.e., it does not have any merit or that it is wholly without factual support . . . ." Id. at 1319. Virginia law provides that claims of ineffective assistance of trial counsel must be addressed initially in a habeas corpus proceeding. Accordingly, in the interest of justice, the Court will assume without deciding that petitioner's allegations regarding his counsel's performance in the habeas proceeding are accurate, and, pursuant to Martinez, must consider petitioner's claim of ineffective assistance of trial counsel on the merits.

## V. Conclusion

For the foregoing reasons, the Motion to Dismiss will be denied, and respondent must submit within thirty (30) days a supplemental response addressing the merits of petitioner's claims. An appropriate Order shall issue.

Entered this 3rd day of July 2013.

/s/
Anthony J. Trenga
United States District Judge

Alexandria, Virginia