IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| Clarence J. Holloway,<br>    Petitioner, | )<br>)<br>) | |
| v. | ) | 1:12cv833 (AJT/JFA) |
| | ) | |
| Eddie Pearson,<br>    Respondent. | )<br>) | |

## MEMORANDUM OPINION

Clarence J. Holloway, a Virginia inmate proceeding pro se, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction of first degree murder in the Circuit Court for the City of Hampton. The action has had an unusually convoluted procedural history, as will be described below. Currently pending before the Court are respondent's Reply to the Motion to Dismiss, in which he suggests that the petition should be dismissed as moot, and petitioner's Motion for Summary Judgment. For the reasons that follow, petitioner's Motion for Summary Judgment will be denied, and the petition will be dismissed, as moot.

### I. Background

On September 25, 2008, following a bench trial, petitioner was convicted of first degree murder, for which he subsequently received a sentence of thirty (30) years in prison. Case No. 07-904-00. The Court of Appeals of Virginia affirmed the conviction on July 15, 2009. Holloway v. Commonwealth, Case No. 0376-09-1 (July 15, 2009).

Beginning in January, 2010, petitioner sent letters to the Court of Appeals seeking information as to whether a petition for further review by the Supreme Court of Virginia had been filed on his behalf by his counsel, Stephen J. Weisbrod, Esquire. The Court of Appeals

responded on March 24, 2010 that it had no record of receiving either a demand for review by a three-judge panel or a notice of appeal to the Supreme Court of Virginia, and it informed petitioner that the time for filing both had expired.

Beginning in April, 2010, petitioner began to pursue disciplinary proceedings against Mr. Weisbrod with the Virginia State Bar. In a letter to the Bar dated July 10, 2010, Mr. Weisbrod stated, "It is truly my fault that the appeal to the Supreme Court did not get timely noticed," and he described changes in office procedures he intended to implement "to prevent the mistake that I made from ever happening again." Additionally, he offered to assist petitioner in filing a petition for habeas corpus relief in the Supreme Court of Virginia.

In a letter dated September 23, 2010, Mr. Weisbrod advised petitioner that he had "just recently returned from an extended out of town trip due to a death in [his] family," that the habeas corpus petition was "just about completed," and that petitioner should "[l]ook for it in the next two weeks." After some apparent confusion about whether petitioner himself was to forward a copy of the habeas petition to the Supreme Court of Virginia, it eventually was filed on February 25, 2011. The Court dismissed it as untimely on April 27, 2011. Holloway v. Dir., Dep't of Corrections, R. No. 110343 (Va. Apr. 27, 2011).

On November 8, 2011, the First District Subcommittee of the Virginia State Bar served Mr. Weisbrod with a Private Admonition without Terms, determining that his actions constituted misconduct in violation of the Rules of Professional Misconduct concerning diligence and competence.[1]

---

[1] When Mr. Weisbrod was interviewed by the subcommittee, he "seemed unaware of [the] time limits" prescribed by Va. Code §8.01-654(a)(2) for filing a habeas corpus petition seeking a delayed appeal.

Petitioner filed a second petition for a writ of habeas with the Supreme Court of Virginia in February, 2012. The petition was dismissed as both untimely and successive. Holloway v. Dir., Dep't of Corrections, R. No. 120400 (Va. Apr. 24, 2012).

On July 16, 2012, petitioner turned to the federal forum and filed this petition for habeas corpus relief pursuant to §2254, raising the sole claim that he received ineffective assistance of counsel when Mr. Weisbrod failed to pursue a timely appeal in the Supreme Court of Virginia. As relief, petitioner sought the issuance of an order directing that he be granted a belated appeal as of right. Dkt. 1 at 15.

After respondent moved to dismiss the petition, and provided petitioner with the notice required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Court entered a Memorandum Opinion on July 3, 2013. Dkt. 11. Specifically, it was determined that the petition was time-barred by the limitations period of 28 U.S.C. § 2254(d), but that petitioner was entitled to equitable tolling based upon the ineffective assistance provided to him by his attorney, Mr. Weisbrod. See Holland v. Florida, 560 U.S. 631 (2010). In addition, it was found that petitioner's claim was not procedurally defaulted, pursuant to Martinez v. Ryan, 566 U.S. __, 132 S.Ct. 1309 (2012). Id. Accordingly, the Motion to Dismiss was denied, and respondent was directed to submit a supplemental response on the merits of petitioner's claim.

On July 15, 2013, respondent filed a supplemental response, requesting that the Court reconsider its determination that equitable tolling applies in this case. Dkt. 13. In the alternative, respondent acknowledged that petitioner's attorney was ineffective in failing to perfect an appeal from the decision of the Court of Appeals, and that petitioner therefore was entitled to a delayed appeal in the Supreme Court of Virginia. Respondent stated that were the Court to make such a

determination, counsel would file the appropriate motions in the Supreme Court to secure a belated appeal and counsel for petitioner. Id. at 5-6. An Order subsequently was entered, directing respondent to file the appropriate motion in the Supreme Court of Virginia to seek a belated appeal. Dkt. 14. On January 6, 2014, respondent notified the Court that a Motion for Delayed Appeal was filed with the Supreme Court of Virginia. Dkt. 15. On February 12, 2014, respondent advised that the motion had been granted, and that the Supreme Court had allowed petitioner leave to file a notice of appeal and to apply for an appeal of the judgment of the Court of Appeals rendered on July 15, 2009. Dkt. 16.

On October 22, 2014, the Supreme Court of Virginia refused the petition for appeal. Holloway v. Commonwealth, R. No. 140696 (Va. Oct. 22, 2014). Respondent duly notified this Court of that decision, Dkt. 18, and on January 22, 2015, submitted a pleading captioned as a Reply to the Motion to Dismiss, suggesting that because petitioner has obtained the relief he requested, the petition is now moot. Dkt. 21. Shortly thereafter, petitioner filed a Motion for Summary Judgment, arguing that his petition for delayed appeal should be granted. Dkt. 22.

## II. The Petition is Moot

At this juncture, the petition has been rendered moot. A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" Leonard v. Hammond, 804 F.2d 838, 842 (4th Cir. 1986) (quoting Murphy v. Hunt, 455 U.S. 478, 481 (1982)). "Mootness has been described as 'the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness).'" Townes v. Jarvis, 577 F.3d 543, 546 (4th Cir. 2009), quoting Arizonans for Official English v. Arizona, 520 U.S. 43, 68 (1997).

Thus, for a controversy to be moot, it must lack at least one of the three required elements of Article III standing: (1) injury in fact, (2) causation, or (3) redressability. Id. at 546 - 47, citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992).

Here, the gravamen of Holloway's petition was that his lawyer rendered ineffective assistance in failing to perfect an appeal of the decision of the Court of Appeals of Virginia to the Supreme Court of Virginia. The sole relief he sought was the issuance of an order directing that he receive such an appeal. At this point in time, it has been determined that counsel did render ineffective assistance, as petitioner claimed, and he has received the relief he requested - review of the decision of the Court of Appeals by the Supreme Court of Virginia. Thus, the element of injury in fact to Holloway required by Article III which existed at the outset of this action has been extinguished, and his claim has been mooted as a result. Townes, 577 F.3d at 546 - 47. Moreover, neither of the exceptions to the mootness doctrine applies here. Cf. Leonard, 804 F.2d at 842.

Thus, for the foregoing reasons, the petition for relief pursuant to § 2254 will be dismissed, as moot. Because petitioner has received a delayed appeal, his Motion for Summary Judgment will be denied. An appropriate Order shall issue.

Entered this _17th_ day of _June_ 2015.

Alexandria, Virginia

Anthony J. Trenga
United States District Judge

5